Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

*Attorneys for Defendant*
*Beyond Better Foods, LLC*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| DIANE HUNTER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEYOND BETTER FOODS, LLC,<br><br>Defendant. | Case No. 2:24-cv-02486-DC-SCR<br><br>**DEFENDANT BEYOND BETTER FOODS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>**Date:** February 7, 2025<br>**Time:** 1:30 p.m.<br>**Courtroom:** 8, 13th Floor<br>**Judge:** Hon. Dena M. Coggins<br><br>**Action Filed:** September 12, 2024<br>**Trial Date:** None set |

1

## **<u>TABLE OF CONTENTS</u>**

2

TABLE OF CONTENTS ......................................................................................... I

TABLE OF AUTHORITIES ....................................................................................II

INTRODUCTION ................................................................................................. 1

FACTUAL BACKGROUND.................................................................................. 2

ARGUMENT ....................................................................................................... 4

    I.     Plaintiff Fails to Allege Which Label Misled Her .................................. 5

    II.    Plaintiff Has No Standing to Challenge Products She Did Not Purchase.............. 6

          A.    Plaintiff Was Not Injured by Products She Did Not Purchase ................... 8

               1.    Plaintiff Lacks Article III Standing ................................. 8

               2.    Plaintiff Lacks Statutory Standing................................... 9

          B.    The Challenged Products Lack Substantial Similarity .............................. 9

    III.    Plaintiff Lacks Standing to Seek Injunctive Relief................................. 10

    IV.    Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law ........................... 12

    V.    Plaintiff Fails To Adequately Allege That She Has No Adequate Legal Remedies, Such That Equitable Monetary Relief Is Warranted............................................. 12

CONCLUSION.................................................................................................. 13

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................... 4

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983).................................................................................... 5

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990)........................................................................ 5

*Bates v. United Parcel Serv., Inc.*,
    511 F.3d 974 (9th Cir. 2007) ...................................................................... 10

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ........................................................ 12

*Cimoli v. Alacer Corp.*,
    546 F. Supp. 3d 897 (N.D. Cal. 2021) ........................................................ 11

*Davidson v. Kimberly–Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ...................................................................... 11

*DeHavilland v. FX Networks, LLC*,
    21 Cal. App. 5th 845 (2018) ....................................................................... 12

*Gallagher v. Chipotle Mexican Grill, Inc.*,
    No. 15-cv-03952-HSG, 2016 WL 454083 (N.D. Cal. Feb. 5, 2016) ............ 7

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    No. CV 20-00769-CJC(GJSx), 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) .......................... 13

*Granfield v. NVIDIA Corp.*,
    No. C 11-5403, 2012 WL 2847575 (N.D. Cal. July 11, 2012)...................... 7

*Hartmann v. Cal. Dept. of Corrections*,
    707 F. 3d 1114 (9th Cir. 2013) ..................................................................... 4

*Hawkings v. Sacramento Cnty. Dep't of Child & Fam. Adult Servs.*,
    No. 2:20-cv-0156 DAD DB PS, 2023 WL 316569 (E.D. Cal. Jan. 19, 2023) .......................... 4

*In re Coca-Cola Prods. Mktg. and Sales Pract. Litig.*,
    No. 20-15742, 2021 WL 3878654 (9th Cir. 2021) ...................................... 11

*In re Natera Prenatal Testing Litig.*,
    664 F. Supp. 3d 995 (Mar. 28, 2023)........................................................... 12

*Jackson v. General Mills, Inc.*,
    No. 18cv2634-LAB-BGS, 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) .... 11

*Johns v. Bayer Corp.*,
    No. 09CV1935 DMS (JMA), 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ...... 9

*Jones v. Nutiva, Inc.*,
    No. 16CV-00711-HSG, 2016 WL 5210935 (N.D. Cal. Sept. 22, 2016)..... 6, 10

*Joslin v. Clif Bar & Co.*,
    No. 4:18-cv-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ..... 12

*Julian v. TTE Tech., Inc.*,
    No. 20-cv-02857-EMC, 2020 WL 6743912 (N.D. Cal. Nov. 17, 2020)..... 12, 13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................. 1, 5

*Klein v. Facebook, Inc.*,
    580 F. Supp. 3d 743 (N.D. Cal. 2022) ........................................................ 12

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ........................................................................................ 7
*Larsen v. Trader Joe's Co.*,
   No. C 11-5188, 2012 WL 5458396 (N.D. Cal. June 14, 2012) ...................................... 7
*Lewis v. Casey*,
   518 U.S. 343 (1996) ........................................................................................... 8
*Lorentzen v. Kroger Co.*,
   532 F. Supp. 3d 901 (C.D. Cal. 2021) .............................................................. passim
*Lozano v. Bowmar Nutrition LLC*,
   No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660 (C.D. Cal. Aug. 19, 2021) .................... 10
*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ........................................................................................... 4
*Miller v. Ghirardelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) .................................................................. 10
*Oh v. Fresh Bellies, Inc.*,
   No. CV 24-5417 PSG (JPRX), 2024 WL 4500727 (C.D. Cal. Oct. 15, 2024) .................... 8
*Phan v. Sargento Foods, Inc.*,
   No. 20-cv-09251-EMC, 2021 WL 2224260 (N.D. Cal. June 2, 2021) ....................... 12, 13
*Rahman v. Mott's LLP*,
   No. 13-cv-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) .............................. 11
*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ............................................................................. 4
*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ......................................................................... 12, 13
*Stewart v. Kodiak Cakes, LLC*,
   537 F. Supp. 3d 1103 (S.D. Cal. 2021) .................................................................. 11
*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ........................................................................................... 8
*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ............................................................................. 4
*Yamasaki v. Zicam LLC*,
   No. 21-CV-02596-HSG, 2021 WL 4951435 (N.D. Cal. Oct. 25, 2021) ........................... 7
*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (2010) ............................................................................... 5
*Zimmerman v. L'Oreal USA, Inc.*,
   No. 22-CV-07609-HSG, 2023 WL 4564552 (N.D. Cal. July 17, 2023) ........................... 6

**Statutes**

California Business & Professional Code § 17204 ....................................................... 9
California Business & Professional Code § 17200 ....................................................... 4
California Business & Professional Code § 17535 ....................................................... 9
California Civil Code § 1780 ................................................................................ 9
California Civil Code § 1750 ................................................................................ 4

**Rules**

Federal Rule of Civil Procedure 9(b) ...................................................................... 5
Federal Rule of Civil Procedure 12(b)(1) ................................................................. 4

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 4

**<u>Regulations</u>**

21 Code of Federal Regulations § 101.13 .......................................................................... 1

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1  Defendant Beyond Better Foods, LLC respectfully submits this memorandum in support of

2  its motion to dismiss.

3  **<u>INTRODUCTION</u>**

4  Beyond Better Foods offers a variety of delicious and better for you desserts, including

5  Keto friendly, low sugar, low carb ice creams. For these, and all Beyond Better Foods products, the

6  saturated fat content is accurately stated in the Nutrition Facts.

7  Plaintiff is a professional litigant. In her original pleading, she falsely alleged that she was

8  injured because the label of Mint Chocolate Chunk ice cream did not contain a statement alerting

9  her to refer to the Nutrition Facts for the fat content, as required by a technical FDA labeling

10  regulation, 21 C.F.R. § 101.13. (Dkt. 1 ¶ 15.) After she was shown that the labels on the product

11  she claims to have purchased actually did contain the FDA-required language, she amended her

12  pleading to allege that she was really injured because the reference statement was 1/2" away from

13  where it was supposed to go. (First Amended Complaint ("FAC") ¶ 5.) She alleges that this

14  technical issue deceived her into buying Beyond Better Foods' "Keto friendly" Mint Chocolate

15  Chunk ice cream, even though the packaging truthfully disclosed that it had low sugar and net

16  carbs per serving, and accurately listed the saturated fat content in the Nutrition Facts Panel.

17  Based on these allegations, Plaintiff claims that 37 products made by Beyond Better Foods,

18  including dozens of flavors of ice cream, ice cream bars, cheesecakes, ready-to-bake cookies, fruit

19  bites, and frozen yogurt bark—none of which Plaintiff is alleged to have purchased—violate the

20  FAL, UCL, CLRA, and unjustly enriched Beyond Better Foods.

21  For several reasons, Plaintiff's claims fail as a matter of law.

22  ***First,*** Plaintiff alleges she purchased Mint Chocolate Chunk, she but provides three

23  materially different labels and fails to allege which product she bought. She also fails to provide the

24  date and location of her purchases with specificity. (FAC ¶ 27(a).) Plaintiff's failure to identify the

25  specific product she purchased is fatal to her claims. *E.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d

26  1120, 1126 (9th Cir. 2009).

27

28

1     ***Second,*** Plaintiff lacks both Article III and statutory standing to assert claims regarding

2  products she never purchased and which bear markedly different labels to the one she allegedly did.

3  *E.g.*, *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021).

4     ***Third***, Plaintiff's claims for injunctive relief fail because she has not pled, and cannot plead,

5  facts establishing an actual and imminent risk of future harm, particularly since she now knows the

6  saturated fat content of the products. Moreover, after decrying saturated fat for pages in her

7  complaint, she cannot plausibly allege that she intends to purchase ice cream again.

8     ***Fourth***, Plaintiff's unjust enrichment claim fails as a matter of law because California does

9  not recognize a separate cause of action for unjust enrichment.

10     ***Fifth***, Plaintiff's claims for equitable restitution under the CLRA, FAL and UCL and for

11  unjust enrichment should be dismissed because she does not (and cannot) sufficiently allege the

12  requisite inadequacy of legal remedies.

13     For these reasons, the Court should dismiss the FAC.

14                                 **<u>FACTUAL BACKGROUND</u>**

15     Beyond Better Foods offers a variety of reduced-sugar, low calorie, and/or dairy-free

16  desserts under the "Enlightened" brand. Its products range from ice cream to ready-to-bake

17  cookies. They are delicious and safe to eat.

18     Some Enlightened products are "Keto friendly," i.e. low carb, low sugar, and high in fat,

19  consistent with the popular diet. The Keto diet is associated with numerous health benefits

20  compared to low-fat diets including reduced appetite, increased loss of harmful abdominal fat,

21  lower blood triglycerides, increased levels of high-density lipoprotein (HDL) (also called "good"

22  cholesterol), improving LDH cholesterol levels ("bad" cholesterol), and reduced blood sugar. *See,*

23  *e.g.*, Kris Gunnars, *10 Health Benefits of Low-Carb and Ketogenic Diets*, Healthline, Nov. 20,

24  2018, https://www.healthline.com/nutrition/10-benefits-of-low-carb-ketogenic-diets.

25     There is nothing dangerous associated with eating foods high in fat, including saturated fat.

26  Upon reviewing almost 20 recent papers on the subject, the Journal of American College of

27  Cardiology found: "Most recent meta-analyses of randomized trials and observational studies

28  found no beneficial effects of reducing [saturated fatty acid] intake on cardiovascular disease . . .

1    and instead found protective effects against stroke." Arne Astrup et al., *Saturated Fats and Health:*

2    *A Reassessment and Proposal for Food-Based Recommendations*, 76 JACC 844, 844 (2020).

3    Consistent with modern scientific opinion regarding fat, the Dietary Guidelines Advisory

4    Committee, an independent panel of experts that makes evidence-based recommendations to the

5    federal government, removed the previous recommendation of limiting total fat intake to thirty-five

6    percent of daily calories and no longer recommends limiting calories from total fat. Dariush

7    Mozaffarian & David S. Ludwig, *The 2015 US Dietary Guidelines – Ending the 35% Limit on*

8    *Total Dietary Fat*, 313 JAMA 2421 (2015). Instead, the Committee identified sugar as the main

9    risk to American health based on a large body of research showing that sugar is worse for the heart

10   than saturated fat. *Id*.

11       Plaintiff is a professional litigant. *E.g., Hunter v. Cappello's LLC*, No. 2:24-cv-02487-AC

12   (Sept. 12, 2024) (accusing Keto pizza, ravioli, and chocolate chip cookies misleading her into

13   believing the products did not contain saturated fat). Her complaint against Beyond Better Foods

14   accuses 37 Enlightened products of false advertising, even though Plaintiff only claims to have

15   purchased Enlightened Mint Chocolate Chunk ice cream. (FAC ¶¶ 27(a), 32.) She alleges that

16   unspecified truthful disclosures regarding added sugar and net carbs (FAC ¶¶ 32-33) misled her

17   into believing that the ice cream did not contain saturated fat. Plaintiff does not explain why

18   statements about sugar and carbs made her question the obvious assumption that ice cream contains

19   fat (as indicated by the word "cream" in the name). This is doubly true here, where the ice cream is

20   branded as "KETO FRIENDLY," i.e., good for those following a high-fat, low carb Keto diet.

21       Plaintiff does not dispute that the accused ice cream is in fact free of added sugar and low

22   carb, the Nutrition Facts panel accurately discloses the saturated fat content, and that the label

23   contains a statement referring consumers to the Nutrition Facts for the saturated fat content. In her

24   first complaint, Plaintiff falsely alleged that the label did not contain the language "see nutrition

25   information for saturated fat content" (Dkt. 1 ¶¶ 12-13), which is part of a technical FDA labeling

26   regulation. After Beyond Better Foods informed her that this allegation was false, Plaintiff

27   amended her complaint to claim that she was actually injured, instead, by the reference statement

28

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

being in the wrong location on the package. (FAC ¶ 36.) [1] Plaintiff claims that Beyond Better

Foods engaged in false advertising and asserts claims under the Unfair Competition Law ("UCL"),

Cal. Business & Professions Code §§ 17200 et seq., False Advertising Law ("FAL"), §§ 17500 et

seq., the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq., and "unjust

enrichment."

## **ARGUMENT**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court lacks

subject matter jurisdiction due to a plaintiff's lack of Article III standing. *White v. Lee*, 227 F.3d

1214, 1242 (9th Cir. 2000). To establish Article III standing, a plaintiff must satisfy three

"irreducible constitutional minimum" requirements: (1) he suffered an "injury in fact," meaning a

concrete and particularized injury that is actual or imminent; (2) the injury must be causally related

to the defendant's challenged actions; and (3) it must be "likely" that the injury will be "redressed

by a favorable court decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The

plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements.

*Id*. at 561. The court sustains a facial attack on subject matter jurisdiction if "the allegations

contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for

Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation

marks and citations omitted). A complaint must be dismissed unless it has sufficient "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Hartmann v. Cal. Dept. of Corrections*, 707 F. 3d 1114, 1122 (9th Cir. 2013)

(*quoting Iqbal*, 556 U.S. 678). A court should not assume that plaintiff "can prove facts which it

has not alleged or that the defendants have violated the . . . laws in ways that have not been

alleged." *Hawkings v. Sacramento Cnty. Dep't of Child & Fam. Adult Servs*., No. 2:20-cv-0156

---

[1] Because there is no room on the package to include the language immediately adjacent to the statement about the sugar content, Beyond Better Foods used an asterisk referring purchasers to a different part of the package roughly 1/2" away.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1   DAD DB PS, 2023 WL 316569, at *2 (E.D. Cal. Jan. 19, 2023) (quoting *Associated Gen.*

2   *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)), *R&R*

3   *adopted*, 2023 WL 5956845 (E.D. Cal. Sept. 13, 2023). "Dismissal can be based on the lack of a

4   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

5   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

6   **I.      PLAINTIFF FAILS TO ALLEGE WHICH LABEL MISLED HER**

7          Plaintiff's failure to identify the label that she believes misled her is fatal to her claims.

8   Plaintiff's claims must be stated "with particularity." *E.g.*, *Yumul v. Smart Balance, Inc.*, 733 F.

9   Supp. 2d 1117, 1124 (2010) (describing standard for false advertising claims brought under UCL,

10  FAL, and CLRA); *see also* Federal Rule of Civil Procedure 9(b). In *Yumul*, the court granted a

11  motion to dismiss where the complaint failed to identify the packaging plaintiff saw and relied

12  upon, the retailer where she purchased the product, and only identified a multi-year period in which

13  she purchased the product. 733 F. Supp. 2d at 1124 (dismissing UCL, FAL, and CLRA claims); *see*

14  *also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (dismissing UCL and CLRA

15  claims where plaintiff does not "specify what the television advertisements or other sales material

16  specifically stated," "when he was exposed to them," "which ones he found material," or "which

17  sales material he relied upon in making his decision to buy a CPO vehicle").

18         Here Plaintiff's claims lack particularity because she brings claims against three materially

19  different Mint Chocolate Chunk pint labels and fails to allege which product she purchased. She

20  also fails to provide the date and location of her purchases with specificity, providing only a

21  general time frame, a county, and the names of a few major grocery chains. (FAC ¶ 27(a).)

22         Plaintiff accuses the following three Mint Chocolate Chunk pints:

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS



The accused Mint Chocolate Chunk pints are materially different. Determining whether a label conveys the supposed message of no saturated fat "require[s] a context-specific analysis of the appearance of the label, the misrepresentation's placement on the label, and other information contained on the label." *Jones v. Nutiva, Inc*., No. 16CV-00711-HSG, 2016 WL 5210935, at *4-5 (N.D. Cal. Sept. 22, 2016). As such "resolution of the asserted claims" would not "be identical between the purchased and unpurchased products," and Plaintiff therefore lacks standing to pursue claims as to unpurchased products. *Id*. (dismissing misleading labeling claims as to unpurchased products that had different labels from purchased products "and do not all contain the same allegedly misleading statements"); *see also Zimmerman v. L'Oreal USA, Inc.*, No. 22-CV-07609-HSG, 2023 WL 4564552, at *3 (N.D. Cal. July 17, 2023) (holding products were not substantially similar because the allegedly misleading statements "Up to 24H *Fresh Wear*" and "Up to 24HR *Breathable Texture*;" "Up to 24HR *Foundation*;" and "Up to 24H *Color Wear & Comfort*" "are different." (emphasis added)).

As Plaintiff has failed to identify the particular Mint Chocolate Chunk pint she purchased, the Court should dismiss all of her claims for failure to allege with particularity the facts on which the claims are based.

## II.   PLAINTIFF HAS NO STANDING TO CHALLENGE PRODUCTS SHE DID NOT PURCHASE

Plaintiff brings claims against thirty-seven different Enlightened labels ranging from ice cream pints to cheesecakes and cookie dough, but only alleges that she has purchased one of the products: the Mint Chocolate Chunk pint. (FAC ¶ 27(a).) Plaintiff's claims regarding products she did not purchase should be dismissed for lack of standing.

1    Plaintiff does not have standing as to products she did not purchase. Generally, "when a

2    plaintiff asserts claims based both on products that she purchased and products that she did not

3    purchase, claims relating to products not purchased must be dismissed for lack of standing,"

4    because the plaintiff lacks Article III injury-in-fact as to those products. *Granfield v. NVIDIA*

5    *Corp.*, No. C 11-5403, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012); *Larsen v. Trader Joe's*

6    *Co.*, No. C 11-5188, 2012 WL 5458396, at *4-5 (N.D. Cal. June 14, 2012); *Lorentzen*, 532 F.

7    Supp. 3d at 908-09.

8    Second, to establish statutory standing under the UCL, FAL, or CLRA, a plaintiff must

9    allege that she relied on the defendant's purported misrepresentations and suffered an "economic

10    injury" as a result. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 324 (2011); *Gallagher v.*

11    *Chipotle Mexican Grill, Inc.*, No. 15-cv-03952-HSG, 2016 WL 454083, at *2 (N.D. Cal. Feb. 5,

12    2016).  This "economic injury" requirement is even more "restrictive than federal injury in fact."

13    *Kwikset*, 51 Cal. 4th at 324.

14    Some courts have allowed claims regarding unpurchased products to proceed based on

15    allegations they are so "substantially similar" to purchased products as to be materially

16    indistinguishable; however, "[w]here the alleged misrepresentations or accused products are

17    dissimilar, courts tend to dismiss claims to the extent they are based on products not purchased."

18    *Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 4951435, at *2-3 (N.D. Cal. Oct. 25,

19    2021) (dismissing claims as to unpurchased products where plaintiff's "allegations in her complaint

20    and the nature of her claims about why the 'clinically proven' representation is false or misleading"

21    differed as to purchased and unpurchased products).

22    Thus, claims against the unpurchased products should be dismissed because Plaintiff was

23    not injured by those products. Even if the Court applies the substantial similarity test, the claims

24    against products other than ones substantially similar to the product Plaintiff actually purchased

25    must be dismissed. As the alleged misrepresentations on the products are materially dissimilar—

26    including the three Mint Chocolate Chunk labels—and Plaintiff has failed to identify which Mint

27    Chocolate Chunk pint(s) she purchased, the Court should dismiss all of her claims for lack of

28

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Article III standing. At the very least, claims against products other than ice cream pints should be dismissed because both the products and the alleged misrepresentations are different.

### A.   Plaintiff Was Not Injured by Products She Did Not Purchase

#### 1.   Plaintiff Lacks Article III Standing

Courts regularly dismiss claims regarding non-purchased products (even if substantially similar to purchased products) for lack of standing. *Oh v. Fresh Bellies, Inc.*, No. CV 24-5417 PSG (JPRX), 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024) (internal quotation marks and citations omitted). "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

In *Lorentzen*, the court explained:

> The similarity of a product, by itself, says nothing about whether a party suffered an injury traceable to the allegedly wrongful conduct of another. A plaintiff who is falsely led to buy a product may claim injury resulting from that purchase; the same plaintiff, however, cannot claim injury from similarly false advertising upon which he or she did not injuriously rely (by buying a similar product or otherwise). Article III "standing is not dispensed in gross.". . . . Importing a "substantial similarity" test into the principle of standing overlooks this point and invites an analysis that is both difficult to apply and unrelated to its objective.

532 F. Supp. 3d at 909 (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)). The court concluded: "Plaintiff bought only one of the eight Products named in the SAC. She therefore did not suffer any injury—economic or otherwise—related to the other seven Products. Because there is no injury, Plaintiff lacks standing to assert these unrelated claims." *Id.*

Since *Lorentzen*, at least one judge has been persuaded to depart from prior holdings and reject the substantial similarity test. *E.g.*, *Oh*, 2024 WL 4500727 at *4 ("The Court acknowledges that it has previously held that a class action plaintiff can bring claims for products they did not purchase and postponed the substantially similar inquiry until the class certification stage. However, in light of the analysis in *Lorentzen*, the Court is persuaded that Plaintiff does not have standing to bring claims for products she did not purchase." (internal citation omitted)). Here, for

these same reasons, Plaintiff lacks Article III standing to assert claims regarding any of Enlightened products other than the product she claims to have purchased.

### 2. Plaintiff Lacks Statutory Standing

Plaintiff also lacks statutory standing under the UCL, FAL and CLRA with respect to the Products she did not purchase. To establish statutory standing under the UCL, FAL and CLRA, a plaintiff must allege that she suffered an "injury in fact" and "has lost money or property" as a result of defendant's alleged conduct. *See* Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a). A plaintiff "cannot expand the scope of [her] claims to include a product [s]he did not purchase" as she suffered no injury in fact with respect the unpurchased products and did not lose money or property with respect to the unpurchased products. *Johns v. Bayer Corp*., No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010); *accord Lorentzen*, 532 F. Supp. 3d at 909 n.4.

Accordingly, the Court should dismiss all of Plaintiff's claims with respect to any products Plaintiff did not purchase because she lacks Article III and statutory standing.

### B. The Challenged Products Lack Substantial Similarity

Even if the Court applies the substantial similarity test, the claims against products other than ones substantially similar to the product Plaintiff actually purchased must be dismissed. Here the alleged misrepresentations on the labels vary and are materially dissimilar. At the very least, claims against products other than ice cream pints should be dismissed.

Plaintiff asserts claims as to thirty-seven products ranging from ice cream to cheesecake, but admits that she only purchased one of the accused products: the Mint Chocolate Chunk pint. As Plaintiff's own allegations make clear, the labeling statements differ from product to product. Plaintiff alleges the labels' claims are "No Added Sugar," "no sugar added," "0g added sugar," "X% less sugar," "X Calories," and "Xg net carbs." (FAC ¶ 32). These representations are materially dissimilar. For example, on their respective front labels, Keto Tripple Chocolate Brownie Dough Pint contains the statements "KETO FRIENDLY," "rich & creamy," 0g added sugar,*" "FRENCH ICE CREAM," and "3g net carbs per serving[†];" Original Greek Yogurt Cheesecake contains the statements "50% less sugar*," "greek yogurt cheesecakes," and "original;"

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

and Ready-to-Bake Chocolate Chip Cookies contain the statements "2g net carbs per cookie," "no sugar added", "100 calories per cookie." (*See* FAC ¶ 33.) Importantly, the placement and presentation of the sugar, carb, and calorie claims also differ from product to product.  (*See id*.) As noted, even the three Mint Chocolate Chunk labels that Plaintiff accuses are materially different. (FAC ¶¶ 27(a), 33). As explained *supra* Part I, products with different labels and different allegedly misleading statements are not substantially similar. *E.g.*, *Jones*, 2016 WL 5210935, at *4-5.

At the very least, the claims against products other than ice cream pints are not substantially similar because "the products are different:" varying from different flavors of ice cream pints, frozen bars, cheesecake, ready-to-bake cookies, fruit bites, to frozen yogurt bark. *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 870 (N.D. Cal. 2012) (finding baking chips, three drink powders, and wafers were not substantially similar). Importantly, Plaintiff has not alleged how [these products] are substantially similar to each other. *Lozano v. Bowmar Nutrition LLC*, No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660, at *3 (C.D. Cal. Aug. 19, 2021) (dismissing claims against products not purchased where "Plaintiff merely highlights her allegations that the products share protein fortification in common. But she states no facts indicating that the products are fortified with a common protein source or other facts indicating those products are substantially similar to the ones she purchased" (internal citation omitted)).

Plaintiff's claims against products she did not purchase should therefore be dismissed for lack of Article III standing. At the very least, the bars, cheesecake, ready-to-bake cookies, fruit bites, and yogurt bark products are not sufficiently similar to Mint Chocolate Chunk ice cream pint, the only product Plaintiff actually purchased, Plaintiff lacks standing as to those products.

## III.   PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF

Plaintiff has not, and cannot, demonstrate a threat of future injury; thus, her request for injunctive relief should fail for lack of standing. To establish standing to seek injunctive relief, a plaintiff must demonstrate "a real and immediate threat of repeated injury" and that "the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). The "threat of injury must be actual and

imminent, not conjectural or hypothetical." *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

"[A] plaintiff lacks standing where the plaintiff could easily discover whether a previous misrepresentation had been cured without first buying the product at issue." *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2021) (internal quotation marks omitted) (collecting cases); *see also Rahman v. Mott's LLP*, No. 13-cv-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) (finding plaintiff lacks standing because "Rahman is able to rely on the packaging now that he understands the 'No Sugar Added' label"). Here, even if Plaintiff was misled once (and she was not), ignoring the Nutrition Facts again "would not be reasonable." *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1127 (S.D. Cal. 2021). To the extent Plaintiff is actually concerned about the level of saturated fat in her foods, she can simply read the Nutrition Facts, which "can be checked easily" to determine whether the product meets her personal definition of healthiness. *Id.* Accordingly, she lacks standing to seek injunctive relief.

It is irrelevant that "Plaintiff does not know the formula for Defendant's products" or that the formula "can change over time" (FAC ¶ 27(g) because Plaintiff can read the Enlightened labels which accurately disclose the ingredients and amount of saturated fat. Indeed, the relief Plaintiff seeks is a statement alerting customers to read the Nutrition Facts. Plaintiff does not need such a warning because she is aware of the allegations in her complaint: "where a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." *Jackson v. General Mills, Inc.*, No. 18cv2634-LAB-BGS, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020). Plaintiff's abstract interest in "properly labeled" products "is insufficient to demonstrate [she has] suffered any particularized adverse effects." *In re Coca-Cola Prods. Mktg. and Sales Prac. Litig.*, No. 20-15742, 2021 WL 3878654 at *2 (9th Cir. 2021).

Moreover, Plaintiff fails to plausibly allege a desire to purchase the Enlightened products in the future. The entire premise of Plaintiff's claim is that she believes the saturated fat in the Enlightened products is dangerous. (*E.g.*, FAC ¶¶ 46-48.) The allegation that Plaintiff "would likely purchase" the Enlightened products again if they are "reformulated to ensure they provide

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

the consumer with the benefits of the nutrient content claims without concerning levels of saturated fat" is not sufficiently concrete and is unrelated to the injunctive relief she seeks. (FAC ¶ 27(g)); *Joslin v. Clif Bar & Co.*, No. 4:18-cv-04941-JSW, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019) (plaintiffs lacked standing to pursue injunctive relief where they alleged defendant's product does not contain real white chocolate and suggested they "do not want products that do not contain real white chocolate"). Accordingly, Plaintiff cannot establish a likelihood of future harm sufficient to confer standing to sue for injunctive relief

## IV.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW

Plaintiff's unjust enrichment claim (fourth cause of action) also fails as a matter of law because California does not recognize a separate cause of action for unjust enrichment. *DeHavilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018) ("Unjust enrichment is not a cause of action."); *Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 829 (N.D. Cal. 2022) (collecting cases). "[C]ourts have consistently dismissed stand-alone claims for unjust enrichment." *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132 (N.D. Cal. 2020).

In addition, Plaintiff's unjust enrichment claim, on behalf of a *nationwide* class, must be dismissed because it does not specify which state law it is being brought under. *In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1009 n.10 (N.D. Cal. Mar. 28, 2023).

## V.   PLAINTIFF FAILS TO ADEQUATELY ALLEGE THAT SHE HAS NO ADEQUATE LEGAL REMEDIES, SUCH THAT EQUITABLE MONETARY RELIEF IS WARRANTED

Plaintiff's claims for equitable restitution under the CLRA, FAL and UCL and for unjust enrichment also should be dismissed because they do not (and cannot) sufficiently allege the requisite inadequacy of legal remedies." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Plaintiff offers the conclusory allegation that she and the purported class members "have no adequate remedy at law to obtain this restitution." (FAC ¶ 175), but she "fail[s] to explain how restitution could be different from [the] damages" she seeks for the same alleged harm. *Julian v. TTE Tech., Inc.*, No. 20-cv-02857-EMC, 2020 WL 6743912, at *4 (N.D. Cal. Nov. 17, 2020) (dismissing UCL, FAL, CLRA, and unjust enrichment claims to the extent they seek equitable relief); *Phan v. Sargento Foods, Inc.*, No. 20-cv-09251-EMC, 2021 WL 2224260, at *5-6 (N.D.

Cal. June 2, 2021) (same as to consumer protection and unjust enrichment claims seeking restitution). Indeed, the only "damage" Plaintiff allegedly suffered is that she paid a price premium for the product, which means the alleged monetary harm for both legal and equitable claims is the alleged price premium. (FAC ¶¶ 22, 113, 118, 142.) "[I]t is not an unfair burden to require Plaintiffs to explain why legal remedies are inadequate in their pleading." *Phan*, 2021 WL 2224260, at \*5 (emphasis added); *see also Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC(GJSx), 2020 WL 5492990, at \*3 (C.D. Cal. Sept. 9, 2020) ("[C]ourts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole."). Here, as in *Julian* and *Phan*, "Plaintiff['s] claim for damages and restitution are not really different." *Julian*, 2020 WL 6743912, at \*5. Therefore, the face of Plaintiff's complaint shows she has adequate remedies at law, and this Court must accordingly dismiss Plaintiff's claims for monetary equitable relief. *Sonner*, 971 F.3d at 844.

<u>**CONCLUSION**</u>

For the foregoing reasons, Beyond Better Foods respectfully requests that the Court grant its motion to dismiss.

Dated: November 27, 2024

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   */s/ David H. Kwasniewski*
   David H. Kwasniewski

*Attorneys for Defendant*
*Beyond Better Foods, LLC*